IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN VALDERRAMA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:21-CV-01776-L-BH |
| § | |
| BBVA COMPASS, BBVA USA, § | |
| THE PNC FINANCIAL SERVICES § | |
| GROUP, INC. § | |
| § | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant BBVA USA and The PNC Financial Services Group, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the Alternative, Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), or, in the Alternative, Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) and Brief in Support,* filed August 6, 2021 (doc. 4). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED,** and the alternative motions should be **DENIED AS MOOT**.

**I. BACKGROUND**

This case arises from the repossession of a motor vehicle. On December 31, 2014, Jonathan Valderrama (Plaintiff) and a co-buyer entered into a Motor Vehicle Retail Installment Sales Contract (Contract) with a car dealership to finance his purchase of a 2008 Lexus IS 250. (*See* doc. 4-1 at 4-6.)[2] The dealership assigned its interest in the contract to Compass Bank. (*Id.* at 6.) On

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

July 1, 2021, Plaintiff filed a "Petition: Small Claims Case" in the Justice Court, Precinct 5-1 of Dallas County, Texas, against BBVA Compass, BBVA USA and PNC Financial Services Group, Inc. (Defendants).[3] (*See* doc. 1-4 at 5.) The entirety of his two-line petition states:

> Violation of 15 U.S. Code § 1692g Validation of debts. Defendants have failed to notify Plaintiff of delinquency or collections prior to charging off the loan, debt has not been validated by Defendant.
>
> RE: Loan Number 0216727259560.

(doc. 1-4 at 5.) He "seeks damages in the amount of $10,000, and/or return of . . . 2008 Lexus IS 250." (*Id.*)

Defendants removed the action to the Northern District of Texas on grounds of federal question jurisdiction under 28 U.S.C. § 1331 on July 30, 2021. (*See* doc. 1.) On August 6, 2021, they moved to dismiss Plaintiff's petition for failure to state a claim upon which relief can be granted. (*See* doc. 4.) Plaintiff did not respond.

## II. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's petition under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 4.)

**A. Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert denied*, 530 U.S. 1229 (2000).

It is well-established that "*pro se* complaints are held to less stringent standards than formal

---

[3] According to Defendants' motion, BBVA USA, f/k/a BBVA Compass, has been a part of PNC since June 1, 2021. (*See* doc. 4 at 1 n.1).

2

pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion.

3

*Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Defendants attached a copy of the Contract to their motion. (*See* doc. 4-1 at 4-6.) Because this document is central to Plaintiff's general theory of the case, it is considered part of the pleadings. *See Collins*, 224 F.3d at 498. Conversion of Defendants' motion to dismiss into a summary judgment motion is therefore unnecessary.

**B. FDCPA**

Defendants argue that Plaintiff's claim under 15 U.S.C § 1692g of the Fair Debt Collection Practices Act (FDCPA) should be dismissed because he fails to plead that they are debt collectors, or that he has been the object of collection activity by them. (doc. 4 at 6-7.)

The FDCPA "is designed 'to eliminate abusive debt collection practices by debt collectors.'" *Watson v. Aurora Loan Services LLC*, No. 4:11-CV-301-BJ, 2012 WL 3594233, at *7 (N.D. Tex. Aug. 21, 2012) (citing 15 U.S.C. § 1692(e)). To state a claim, a plaintiff must allege facts sufficient to show that "(1) [the plaintiff has] been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Hunsinger v. SKO Brenner Am., Inc.*, No. 3:13-CV-988-D, 2013 WL 3949023, at *2 (N.D. Tex. Aug. 1, 2013). "Section 1692g protects consumers by allowing them to dispute a debt within a specified time-period and temporarily prevent debt collection actions until the debt is verified and that verification is sent to the consumer." *Id.* at *3 (citing 15 U.S.C. § 1692g(b)). Under § 1692g(a), a debt collector must provide the consumer with certain disclosures concerning his rights to dispute the debt or request validation of the debt within five days after its "initial communication with a consumer in connection with the collection of any debt." *See* 15 U.S.C. § 1692g(a). If the consumer disputes or requests verification of the debt, the debt collector must "cease collection of the debt . . . until the [requested information] is mailed to the consumer." *Id.* § 1692g(b). A debt collector that "engag[es] in a collection activity after the debtor has properly sought validation and the debt has not yet been validated" will be in violation of § 1692g(b). *Hunsinger*, 2013 WL 3949023, at *3.

The FDCPA defines a debt collector as "any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). There are two categories of debt collector—those who collect debts as the "principal purpose" of their business and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008). "A person may 'regularly' collect debts even if debt collection is not

the principal purpose of his business." *Id*. "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt collection activities." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007). Notably, the FDCPA exempts from this definition "any person collection or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt *which was originated by such person*." 15 U.S.C. § 1692g(a)(6)(F) (emphasis added). Under this exception, courts have concluded that "[t]he term 'debt collector' does include lenders[,] . . . 'the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" *Gipson v. JPMorgan Chase*, No. 3:13-CV-2477-L, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208, *modified on reh'g on other grounds*, 761 F.2d 237 (5th Cir. 1985)).

Here, Plaintiff's two-line petition only alleges that Defendants failed to validate a debt and failed to "notify [him] of delinquency or collections prior to charging off the loan." (*See* doc. 1-4.) These bare and conclusory allegations are insufficient to show that Defendants were either engaged "in any business the principal purpose of which [was] the collection of any debts," or that they "regularly collected or attempted to collect ... debts." *See* 15 U.S.C. § 1692a(6); *see also Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012), adopted by 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (dismissing FDCPA claims after finding that plaintiffs' recitation of the statutory language, without any facts in support, was insufficient to plausibly allege that the defendants were "debt collectors"). Plaintiff also fails to assert any facts indicating that he properly disputed or sought validation of the debt, or that he has been the object of any collection activity by Defendants. *See* 15 U.S.C. § 1692g. Because Plaintiff's limited factual allegations are insufficient to state a plausible claim for relief under §

6

1692g, Defendants' motion to dismiss this claim should be granted. *See Iqbal*, 556 U.S. at 678 (holding that to state a claim, a plaintiff must plead sufficient facts to make the claim "plausible on its face"); *see, e.g., Hunsinger*, 2013 WL 3949023, at *3 (N.D. Tex. Aug. 1, 2013) ("Because Hunsinger relies on conclusory allegations and a statement from the SKO Letter that does not support a plausible claim that the letter was a collection activity, the court holds that he has not plausibly alleged that SKO engaged in collection activities after he requested that SKO validate the debt, and therefore dismisses his § 1692g claim.").[4]

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). "'Generally[,] a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'" *Amanduron v. Am. Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order.[5] *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when

---

[4] Because it has been recommended that Defendants' motion to dismiss Plaintiff's petition under Rule 12(b)(6) be granted, their alternative motions for judgment on the pleadings under Rule 12(c) and for a more definite statement under Rule 12(e) should be denied as moot.

[5] A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.

7

the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting the passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, although Plaintiff has not amended his petition since filing this action, he failed to file a response to the motion to dismiss after being specifically invited to do so. (*See* doc. 5.) Nevertheless, it does not appear that Plaintiff has stated his best case with respect to his FDCPA claim. He should accordingly be offered an opportunity to amend his petition to sufficiently state a claim for relief.

## IV.  RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendants' motion to dismiss should be **GRANTED**, and all of Plaintiff's claims against Defendants should be dismissed with prejudice. If Plaintiff timely files an amended complaint, however, the motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 22nd day of November, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE